Hackett vs. His Creditors.

(Difference between balance $7500, and amount realized, say, $1490.50 : 275

| | |
|---|---|
| =$1765.50)..................................... | $5,734 50 |
| Empty boxes............................... | 1,714 07 |
| Labels....................................... | 267 01 |
| Catalogues.................................. | 1,100 00 |
| Soda......................................... | 94 00 |
| Crackers.................................... | 460 63 |
| Flour........................................ | 1,015 45 |
| Safe......................................... | 180 00 |
| Live stock and wagons.................. | 1,142 34 |
| Total........................................ | $16,134 34 |

## No. 10,745.

### MICHAEL HACKETT vs. HIS CREDITORS.

1. When the *proces verbal* of the meeting of creditors shows a failure to elect a syndic, a petition by a creditor affirming the proceedings and praying to be appointed syndic, is not an opposition required to be filed within ten days after the meeting.

2. Objections by an opponent to the validity of votes cast at the meeting examined and overruled.

3. In case of failure to elect a syndic, and contest between two creditors for appointment as syndic, the judgment of the court appointing the sheriff will not be overruled on the complaint of the applying creditors when the result would be only to remand the case for choice between him and his opposing candidate, which would probably result in favor of the latter.

APPEAL from the Civil District Court, Parish of Orleans.
Monroe, J.

*Aug. Bernau* for Opponents and Appellants.

*W. S. Parkerson, contra:*

The opinion of the court was delivered by

FENNER, J.   At the meeting of · creditors held for the purpose of electing a syndic, the result of the voting was: For L. Murray, five votes, representing $22.343; for Henry Théze, thirty-nine votes, representing $4437.   Neither candidate having obtained a majority in both number and amount there was no election.

After the filing of the notary's *proces verbal* of the meeting Henry Théze and Thos. J. McCarthy filed timely oppositions, attacking the validity of certain votes cast for Murray, alleging that these being stricken out, Théze received a majority of votes in amount as well as in number, and claiming that he should be declared duly elected. They further prayed that, in case it should be held that there was no election, then that McCarthy, a creditor, be appointed syndic.

Philip Thompson, also a creditor, filed a petition, alleging that there was no election, assigning reasons why, in no event, Théze should be appointed, and asking to be himself appointed syndic.

Théze and McCarthy object to the reception or consideration of Thompson's petition, on the ground that it was not filed within "ten days next following the meeting of creditors, as required by Section 1802 of the Revised Statutes."   This objection might have weighed if Thompson's petition were an opposition to the proceedings before the notary; but instead of opposing, it distinctly affirms those proceedings, and asserts that, as shown by the *proces verbal*, there had been no election, and, therefore, asking for his own appointment.   It was competent for him to make such application at any time before a syndic was actually appointed.   Two questions remain for determination:

1. Whether Théze was legally elected syndic.

2. Whether, if not, McCarthy should have been appointed.

1. If Théze received a majority in amount of legal votes, he was elected.   Lesseps vs. Creditors, 7 An. 624.

He claims that the votes of several creditors, who voted for Murray, were illegal and should be rejected.   We need only consider the

case of Philip Thompson, for, if his vote was legal, Théze did not receive a majority in amount.

The first objection is, that Thompson appeared before the notary and cast his vote before the hour fixed for meeting. The order of court does not fix any hour of meeting, but simply that it should be held on June 24, on which day Thompson voted. Although he may have voted before the hour fixed by the notary in his notices to the creditors, it is shown that he returned within proper hours and confirmed his vote.

Next, it is objected that he did not swear to the amount of his debt. He did not swear to the amount, but he asked the notary to put it in pencil so that he might go to his store and verify it exactly. He subsequently returned and stated that the amount was correct, and it was then filled in with ink. Both the above objections are frivolous.

Finally, it is claimed that Thompson's entire vote should be disregarded because, besides voting for syndic, he also voted to fix the terms for sale of the property. This does not affect his vote for syndic, which is the only question now before us. Spear vs. Cer, 40 An. 650.

Thompson's note was legally cast and counted, and it is clear that Thèse was not elected syndic.

2. There being no election there were two creditors applying to be appointed syndic, McCarthy and Thompson. Thompson was a creditor for over $16,000; McCarthy was a creditor for $74.

In such case of non-election, Article 1810 R. S. says: "It shall be lawful for the judge   *   *   *   to authorize the sheriff to perform in every respect the functions of syndic, unless any of the creditors should choose to take that charge, in which case the judge shall appoint the creditor," etc.

In this case the judge had the right to appoint either creditor. But it appears that Thompson suggested that to end the contest, he would forego his claim if the judge would appoint the sheriff. The judge did appoint the sheriff. If we vacated this appointment it would not authorize us to appoint McCarthy.. It would simply result in our remanding the case in order that the judge might choose between Thompson and McCarthy. *Cui bono?* Thompson prefers the sheriff to McCarthy. McCarthy and Thèse would doubtless prefer the sheriff to Thompson.

Why prolong a fruitless contest to the manifest injury of creditors, whose interest lies in a prompt liquidation?

We may assume that if compelled to choose the judge would have selected Thompson, and that he accepted the suggestion to appoint the sheriff as an alternative agreeable to McCarthy and Thèse? Why should they complain?

Judgment affirmed.